The opinion of the Court was delivered by
Fenner, J.
Plaintiffs entrusted to the late firm of A. Eimer Bader 6 Co., for collection merely, certain detached coupons of bonds of the State of Louisiana, said coupons being unconditional obligations of the State to pay to hearer certain sums of money, at dates specified therein, “being six months’ interest on Consolidated Bond” of specified number. These coupons, long after their maturity, were pledged by A. Eimer Bader & Co. to the defendant, to secure a loan of $5,000 made to said firm.
Plaintiffs now sue t.o recover said coupons or tlieir value.
There is no controversy ns to essential facts, viz: that plaintiffs owned the coupons; that Bader & Co. liad no authority from plaintiffs to sell or pledge them, and no other authority except to collect; that they wore pledged by Bader & Co. for their personal debt, in which plaintiffs had no concern; and that said pledge was made long after the maturity of the coupons.
• The authorities are quite unanimous and entirely convincing, that the purchaser or pledgee of negotiable instruments after maturity, whose rights are derived from one who is not the owner, and who is not authorized to sell or pledge, acquires no title or right thereto or thereupon, as against the true owner. C. C. 2452; Bird vs. Cockrem, 28 An. 70; Henderson vs. Case, 31 An. 215; Davis vs. Bradley, 26 An. 555; Foley vs. Smith, 6 Wall. 493; Texas vs. White, 7 Wall. 700; Vermilye vs. Adams, 21 Id. 143 ; Fowler vs. Brandy, 14 Pet. 321.
We have carefully considered the various grounds on which it is sought to except this case from the application of the above principle, viz:
1. It is urged that' it does not apply to public securities, like those of a State. This objection is answered by the cases above quoted from 7 Wall. 700, 21 Wall. 143, and also by 10 Wall. 90, and 99 U. S. 440. We *1121 have ourselves held, that detached coupons are independent obligations maturing like other obligations, bearing interest and prescriptible, like promissory notes, to which they are assimilated. Conger vs. New Orleans, 32 An. 1255.
2. It is claimed that the principle only applies when the past due paper has been protested. The fact of protest was an accident of the case in 31 An. 215; but in various others of the cases quoted, that circumstance did not exist, and its absence in no manner affects the principle. In 26 An. 556, it is said : “ a negotiable, instrument unpaid at its maturity shows, upon its face, that it was dishonored, etc.”
3. The doctrine is invoked that where one of two innocent parties must suffer, the loss should fall on the one who enabled the third party to commit the fraud. This objection to the application of the principle now under discussion is not new. It has been made, considered and overruled, both by this Court and the Supreme Court of the United States. Foley vs. Smith; 6 Wall. 493; Bird vs. Cockrem, 28 An. 70.
4. It is finally urged, that by conferring upon Bader & Co. an apparent title or power of disposition, plaintiffs are estopped from asserting title against an innocent third person dealing with such apparent owner. It is evident that plaintiffs did nothing except put Bader <S& Co. in possessioh of the coupons for a legitimate purpose, which purpose could not have been effected without such possession. Like possession and like apparent ownership necessarily existed in all the cases quoted by us, otherwise the sale or pledge could not have been made. The authorities relied on by defendant rest on other and peculiar circumstances not necessary to be here stated.
In conclusion, it must be admitted that the principle invoked by us, in its application to transfers, not only of past due negotiable instruments but of all personal property, by the possessors and apparent owners thereof, undoubtedly exposes innocent dealers to great danger of fraud and wrong; yet there are many equitable considerations which weigh equally in its favor; and the law, as it exists, has been-established, after a full and fair consideration of the equities on both sides. Arguments against its wisdom and propriety should be addressed to the legislative, not to the judicial discretion.
Judgment affirmed, at appellant’s cost.
Rehearing refused.